This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DARIA M. MILLER,**

    Plaintiff-Appellant,

v.                                    **NO. 29,459**

**THI OF NEW MEXICO AT THE VILLAGE AT ALAMEDA, LLC, AMBERCARE HOSPICE, INC., and LEIGH ANGELLIS,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Michael D. Armstrong
Albuquerque, NM

for Appellant

Jennifer Anderson
Albuquerque, NM

Modrall, Sperling, Roehl, Harris & Sisk PA
Greg Gambill
Albuquerque, NM

Cuddy & McCarthy, LLP
Albuquerque, NM

for Appellees Ambercare Hospice and Leigh Angellis

George R. McFall
Albuquerque, NM

for Appellee Thi of NM at the Village of Alameda

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals the district court's order granting summary judgment in favor of Defendants Leigh Angelliss and Ambercare Hospice, Inc. Persuaded by Plaintiff's docketing statement that the district court applied an incorrect legal standard to Plaintiff's claim for tortious interference with contract, we issued a notice of proposed summary disposition, proposing to summarily reverse and remand. Neither Defendant Leigh Angellis nor Defendant Ambercare Hospice, Inc., have filed a response to our notice, and the time for doing so has expired. "Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993). Therefore, for the reasons set forth in our notice, we reverse the order granting summary judgment in favor of Defendants Leigh Angellis and Ambercare Hospice, Inc. We remand for the district court to

apply the standards for tortious interference with contract by improper means articulated in *Zarr v. Washington Tru Solutions, LLC*, 2009-NMCA-050, ¶ 11, 146 N.M. 274, 208 P.3d 919 (overruling *Los Alamos National Bank v. Martinez Surveying Servs., LLC*, 2006-NMCA-081, 140 N.M. 41, 139 P.3d 201).

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**ROBERT E. ROBLES, Judge**